﻿Citation Nr: AXXXXXXXX
Decision Date: 11/29/19 Archive Date: 11/29/19

DOCKET NO. 190822-24626
DATE: November 29, 2019

ORDER

Entitlement to service connection for Parkinson’s disease is granted.

FINDING OF FACT

The Veteran’s Parkinson’s disease is related to exposure to herbicide agents in Vietnam.

CONCLUSION OF LAW

The criteria for service connection for Parkinson’s disease have been met. 38 U.S.C. §§ 1110, 1131, 1154(a), 5107; 38 C.F.R. §§ 3.102, 3.303, 3.304, 3.307, 3.309.

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran had active service from July 1962 to July 1992.

The rating decision on appeal was issued in August 2019. That same month, the Veteran elected the modernized review system. 84 Fed. Reg. 138, 177 (Jan. 18, 2019) (to be codified at 38 C.F.R. § 19.2(d)). 

The Veteran elected the Evidence Submission lane when submitting the August 22, 2019 election form. That same day, the Veteran submitted military personnel records and a lay statement. Accordingly, the Board will consider this evidence and evidence of record as of the August 2019 rating decision. 

Service Connection

Service connection will be granted if the evidence demonstrates that a current disability resulted from an injury or disease incurred in or aggravated by active military service, even if the disability was initially diagnosed after service. 38 U.S.C. §§ 1110, 1131; 38 C.F.R. § 3.303(a). Establishing service connection generally requires (1) medical evidence of a current disability; (2) medical or, in certain circumstances, lay evidence of in-service incurrence or aggravation of a disease or injury; and (3) medical evidence of a nexus between the claimed in-service disease or injury and the present disability. Shedden v. Principi, 381 F.3d 1163, 1167 (Fed. Cir. 2004). Service connection may be granted for any disease initially diagnosed after service when all the evidence, including that pertinent to service, establishes that the disease was incurred in service. 38 C.F.R. § 3.303(d). 

A veteran who, during active military service, served in Vietnam between January 9, 1962, and May 7, 1975, is presumed to have been exposed to herbicide agents. 38 C.F.R. §§ 3.307, 3.309. For the purposes of this section, “herbicide agent” means a chemical in an herbicide used in support of the United States and allied military operations in the Republic of Vietnam during the above-stated period. 38 C.F.R. § 3.307(a)(6). Service in the Republic of Vietnam includes service in the waters offshore and service in other locations if the conditions of service involved duty or visitation in the Republic of Vietnam. 38 C.F.R. § 3.307. 

If a Veteran is exposed to an herbicide agent during active service and one of the listed diseases manifests any time after service, the disability is presumed related to the exposure. 38 U.S.C. § 1116; 38 C.F.R. §§ 3.307(a)(6), 3.309(e). 

1. Entitlement to service connection for Parkinson’s disease

The Veteran is entitled to service connection for Parkinson’s disease on a presumptive basis. A November 2018 private medical letter states that the Veteran has been treated for Parkinson’s disease. By statute, Parkinson’s disease is presumptively linked to herbicide agent exposure. See 38 C.F.R. § 3.309(e). 

The evidence is consistent with a finding that the Veteran was physically present in Vietnam during the Vietnam conflict and was therefore presumptively exposed to herbicide agents. A November 1968 military personnel record (received 2/6/19, page 5 of 6) indicates flying C-141s and reads as follows: “He has flown several missions into the combat zone in Southeast Asia, while subject to hostile fire, performing his duties calmly and efficiently, during both day and night and adverse weather conditions.” An April 1969 military personnel record (received 2/6/19, page 3 of 6) reads as follows: “During flights into the combat zone, he can be relied upon to carry out his duties in a calm and efficient manner regardless of hostile environments.” Both records indicate that the Veteran was stationed at McChord Air Force Base in Washington. 

Additionally, the Veteran has submitted a January 2019 lay statement that reads as follows: 

I flew numerous airlift support missions carrying cargo, personnel, human remains and wounded personnel into and/or out of the Vietnam combat zone. Deployments included multiple stops, with the next destination being determined in each case by the cargo requiring transport. A typical mission also included multiple trips into and/or out of the Vietnam combat zone. 

The C-141 is a cargo jet that is known to have transported supplies throughout Vietnam during the Vietnam conflict. Additionally, McChord Air Base is known to have been a transportation hub through which supplies were transported to Tan Son Nhut, Cam Ranh Bay and Da Nang Air Bases in South Vietnam. 

Taken together, there is evidence that on multiple occasions the Veteran piloted C-141 transportation planes in combat zones during the Vietnam conflict. Importantly, the evidence reflects that the Veteran was not merely involved in missions over Vietnam but, as evidenced by his lay statements, was physically present at the above-noted bases located in Vietnam. The Board further finds that these statements are consistent with the nature of missions involving C-141s during the Vietnam War. In light of this evidence, the Board finds that the Veteran was physically present in Vietnam during the Vietnam conflict. The Veteran was therefore presumptively exposed to herbicide agents during the Vietnam conflict.

As the Veteran is presumed to have been exposed to herbicide agents and has been diagnosed with a disease that is presumptively linked to herbicide agent exposure, entitlement to service connection for Parkinson’s disease is warranted.

 

 

Michael J. Skaltsounis

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board B. Cannon, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential, and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.